**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| WILFRED GUY, ) | |
| ) | CIVIL ACTION |
| Plaintiff, ) | |
| v. ) | No. 18-223-BAJ-RLB |
| ) | |
| JAMES LEBLANC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**Memorandum in Support of Motion for Leave to File First Amended Complaint**

### I.   INTRODUCTION

Plaintiff proposes to amend his complaint to do two things:

- Add factual allegations so that the operative complaint matches the information learned in discovery.

- Limit Plaintiff's claimed damages to no more than $20.

The proposed amended complaint does not add any new causes of action, and no additional discovery will be needed. The proposed amended complaint will conserve judicial resources, because the damages cap will obviate the need for this Court to empanel a jury. *See* U.S. Const. Amend. VII. (right to jury trial limited to "[s]uits at common law, where the value in controversy shall exceed twenty dollars....") And because trial is five months away, Defendants will not be prejudiced by an amendment at this time.

While the deadline for amended pleadings under the current Scheduling Order (Rec. Doc. 10) has elapsed, Plaintiff has filed a Motion to Modify Scheduling Order concurrently herewith. Pending this Honorable Court's granting Plaintiff's Motion to Modify Scheduling Order, the liberal standard for amendments set forth in F.R.C.P. 15(a)(2) and interpreting jurisprudence would apply. *See S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003). For these reasons, Plaintiff respectfully requests to amend his complaint.

1

## II. LEGAL STANDARD

Where, as here, a party seeks leave to amend more than 21 days after serving its pleading, service of a responsive pleading, or service of a motion under Rules 12(b), (e), or (f), it may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1), (2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(2). Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (citation and internal quotation marks omitted).

"[A]bsent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'" *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (*quoting Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

## III. DISCUSSION

**A.   The motion should be granted because the new factual allegations address a newly-discovered policy that facially violates the ADA.**

The proposed Amended Complaint fleshes out the factual allegations in the first complaint, and adds one substantively new issue – an Angola pay policy that facially discriminates against inmates with disabilities.

As described in Plaintiff's motion for summary judgment, inmates at Angola must work, and they receive pay for that work at rates ranging from 2 cents per hour to $1.00 or more per hour. R. Doc. 21-1 at 12. But for one category of inmates, pay is capped at 4 cents per hour. That category is: "All offenders classified in Limited Duty status (as defined in Health Care Policy HC-15) and who are eligible to earn incentive wages shall earn at a rate of no more than $0.04

2

per hour." R. Doc. 21-6. at 3. "Limited Duty" is defined in Health Care Policy HC-15 as for those inmates who are "unable to perform full-time work or educational assignments due to health-related reasons." R. Doc. 21-5 at 4.

This policy facially violates the Americans With Disabilities Act. That is because an inmate who is "unable to perform full-time work or educational assignments due to health-related reasons" is by definition a person with a disability under the ADA/RA. *See* 42 U.S.C. § 12102(1)(A). The DOC has thus explicitly identified a class of persons with disabilities – those with Limited Duty status – and decided that they cannot be paid as much as other inmates.

Neither Plaintiff nor his counsel knew about this policy at the time of the filing of the first complaint. Ex. A at ¶ 3. It was discovered in the course of briefing Plaintiff's Motion for Partial Summary Judgment, in June 2019. Ex. A at ¶ 4. But the issue has already been briefed and put before this Court (R. Doc. 21-1), and so no additional discovery is needed. For those reasons, this Motion should be granted.

**B.     The motion should be granted because it will conserve judicial resources by avoiding the need to empanel a jury.**

The Seventh Amendment to the United States Constitution creates a right to jury trial in "[s]uits at common law, where the value in controversy shall exceed twenty dollars...." U.S. Const. Amend. VII. That right extends only to claims in which legal rights and remedies are at stake and does not extend to equitable rights and remedies. *Curtis v. Loether*, 415 U.S. 189, 193 (1974). If a suit asks does not ask for damages in excess of $20, the matter is not even *triable* by a jury. It is therefore reversible error for a judge to submit such a case to a jury. *See Harkless v. Sweeny Independent School District*, 427 F.2d 319, 324 (5th Cir., 1970) (a § 1983 non-damages claim is "not for jury consideration" and should be "determined by the court. The grant of jury trial was error."); *Torch, Inc. v. LeBlanc*, 947 F.2d 193 (5th Cir., 1991) (no right to a jury in

declaratory relief case involving seaman injury).

Accordingly, Plaintiff's proposal to limit his requested damages to $20 means that there should not be a jury trial. That will shorten the trial, and conserve the parties' resources. For that reason, the Motion should be granted.

**C.     The motion should be granted because there has been no undue delay or other reason to deny leave to amend.**

Generally, leave to amend should be granted unless there is undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, undue prejudice, *etc. Mayeaux, supra,* 376 F.3d 420, 425. *See also Rachman Bag Co. v Liberty Mut. Ins. Co.*, 46 F.3d 230, 235 (2d Cir. 1995) (allowing amendment of complaint four years into lawsuit even though the "principal issue in the case changed several times").

Here, there is no undue delay: the new factual issue was recently discovered. Ex. A at ¶¶ 3-4. Nor is there bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice.

And there will be no prejudice to Defendants, considering that no additional discovery will be required, and trial is still five months away. Accordingly, the Motion should be granted.

## IV. CONCLUSION

For the reasons described herein, Plaintiff respectfully requests leave to file a First Amended Complaint.

    Plaintiff, by and through his counsel,

    */s/ William Most*_____
Law Office of William Most, L.L.C.
William Most (La. Bar No. 36914)
Amanda Hass (La. Bar No. 37718)
David Lanser (La. Bar No. 37764)
201 St. Charles Ave., Ste. 114 #101
New Orleans, LA 70170
Tel: (650) 465-5023

Email: williammost@gmail.com

BIZER & DEREUS, LLC
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 24, 2019 the above entitled pleading was filed electronically with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all parties who participate in electronic filing by operation of the court's electronic filing system.

/s/ William Most
William Most