UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WILFRED GUY** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 18-223-BAJ-RLB** |
| | * | |
| **JAMES LEBLANC, in his official capacity; and** | * | **JUDGE BRIAN A. JACKSON** |
| **THE STATE OF LOUISIANA, DEPARTMENT** | * | **MAGISTRATE JUDGE** |
| **OF PUBLIC SAFETY & CORRECTIONS** | * | **RICHARD L. BOURGEOIS, JR.** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**</u>

**NOW INTO COURT,** through undersigned counsel, come the defendants, the State of Louisiana through the Department of Public Safety and Corrections (DPSC) and James LeBlanc, in his official capacity (collectively referred to as the DPSC Defendants), who, submit the following Affirmative Defenses and Answer to the Plaintiff's First Amended Complaint. Rec. Doc. 45.

## AFFIRMATIVE DEFENSES

<u>**FIRST DEFENSE - FAILURE TO STATE A CLAIM**</u>

Plaintiff has failed to state a claim upon which relief can be granted because there are insufficient factual allegations indicating that either or both of the Defendants violated any of Plaintiff's rights under applicable federal law.

<u>**SECOND DEFENSE - COMPENSATORY DAMAGES**</u>

Plaintiff is not entitled to recover damages for mental or emotional distress under Title II of the Americans with Disabilities Acts ("ADA") or §504 of the Rehabilitation Act of 1973 ("Rehab Act").

<u>**THIRD DEFENSE – DENIAL OF OTHER RELIEF**</u>

1

Plaintiff is not entitled to any of the relief that he seeks in his *Complaint.*

### FOURTH DEFENSE – ATTORNEYS' FEES

Plaintiff is not entitled to recover for attorneys' fees or costs associated with this litigation.

### FIFTH DEFENSE- PRESCRIPTION

Plaintiff is not entitled to relief for any claims occurring over than one year prior to the filing of the *Complaint.*

### SIXTH DEFENSE- STANDING (OTHER PRISONERS)

Plaintiff lacks standing to seek relief under the ADA or the Rehabilitation Action with respect to accommodations solely affecting other inmates.

### SEVENTH DEFENSE - STANDING (INJUNCTIVE RELIEF)

Plaintiff lacks standing to recover any injunctive relief, as he has not suffered or will not suffer a "injury in fact."

### EIGHTH DEFENSE – FAILURE TO EXHAUST

Plaintiff has failed to exhaust administrative remedies as to some or all of the claims asserted in his complaint, as required by state and federal law.

## ANSWER

**AND NOW**, in answer to the First Amended Complaint of Wilfred Guy:

I. The allegations contained in Paragraph 1 of the Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

II. The allegations contained in Paragraph 2 of the Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

III. The allegations contained in Paragraph 3 of the Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

IV. The allegations contained in Paragraph 4 of the Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

V. The allegations contained in Paragraph 5 of the Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

VI. The allegations contained in Paragraph 6 of the Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

VII. The allegations contained in Paragraph 7 of the Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

VIII. The Defendants agree this Honorable Court has subject matter jurisdiction over the instant matter but, as stated above, the Plaintiff's standing to bring claims for prospective injunctive relief is challenged.

IX. The Defendants agree that venue is proper in the Middle District of Louisiana.

X. The Defendants admit the Plaintiff, Wilfred Guy (DOC No. 111795) is a prisoner confined in the Louisiana State Penitentiary at Angola, that he has capacity to file suit, and was a resident of the Middle District of Louisiana. The legal conclusion that the Plaintiff is a person with a qualifying disability does not require an Answer from the Defendants. The allegations that the Plaintiff's allegedly-qualifying disability prevents him from engaging in major life activities such as using the phone, communicating verbally, and other daily activities are denied for lack of sufficient information to justify a reasonable basis therein.

XI. Secretary James LeBlanc admits his status as a Defendant in this case but <u>denies</u> that he is a proper party to this action.

XII. The State of Louisiana, through the Department of Public Safety and Corrections admits its status as a Defendant. All other allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

XIII. The above Affirmative Defenses and Answer to Paragraphs 1-12 of Plaintiff's First Amended Complaint are hereby adopted.

XIV. The allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

XV. The allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

XVI. The allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

XVII. The allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

XVIII. The allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

XIX. The allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

XX. The allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

XXI. The allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

XXII. The allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

XXIII. The allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

XXIV. The allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

XXV. The allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

XXVI. The allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

XXVII. The allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

XXVIII. The allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

XXIX. The allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

XXX. The allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

XXXI. The allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

XXXII. The allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

XXXIII. The allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

XXXIV. The allegations contained in Paragraph 34 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

XXXV. The allegations contained in Paragraph 35 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

XXXVI. The allegations contained in Paragraph 36 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

XXXVII. The allegations contained in Paragraph 37 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

XXXVIII. The allegations contained in Paragraph 38 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

XXXIX. The allegations contained in Paragraph 39 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

XL. The allegations contained in Paragraph 40 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

XLI. The allegations contained in Paragraph 41 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

XLII. The allegations contained in Paragraph 42 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

XLIII. The allegations contained in Paragraph 43 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

XLIV. The allegations contained in Paragraph 44 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

XLV. The allegations contained in Paragraph 45 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

XLVI. The allegations contained in Paragraph 46 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

XLVII. The allegations contained in Paragraph 47 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

XLVIII. The allegations contained in Paragraph 48 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

XLIX. The allegations contained in Paragraph 49 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

L. The allegations contained in Paragraph 50 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

LI. The allegations contained in Paragraph 51 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein. The allegations contained in Paragraph 42 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

LII. The allegations contained in Paragraph 52 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

LIII. The allegations contained in Paragraph 53 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

LIV. The allegations contained in Paragraph 54 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

LV. The allegations contained in Paragraph 55 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

LVI. The allegations contained in Paragraph 56 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

LVII. The allegations contained in Paragraph 57 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

LVIII. The allegations contained in Paragraph 58 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

LIX. The allegations contained in Paragraph 59 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

LX. The allegations contained in Paragraph 60 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

LXI. The allegations contained in Paragraph 61 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

LXII. The allegations contained in Paragraph 62 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

LXIII. The allegations contained in Paragraph 63 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

LXIV. The allegations contained in Paragraph 64 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

LXV.     The allegations contained in Paragraph 65 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

LXVI.    The allegations contained in Paragraph 66 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

LXVII.   The allegations contained in Paragraph 67 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

LXVIII.  The Affirmative Defenses and Answer to Paragraphs 1-67 of Plaintiff's First Amended Complaint are hereby adopted.

LXIX.    The allegations contained in Paragraph 69 of the Plaintiff's First Amended Complaint are quoted from a statute and do not require an Answer from the Defendants.

LXX.     The allegations contained in Paragraph 70 of the Plaintiff's First Amended Complaint are quoted from a statute and do not require an Answer from the Defendants.

LXXI.    The allegations contained in Paragraph 71 of the Plaintiff's First Amended Complaint are quoted from regulations and do not require an Answer from the Defendants.

LXXII.   The allegations contained in Paragraph 72 of the Plaintiff's First Amended Complaint are legal conclusions which do not require an Answer from the Defendants.

LXXIII.  The allegations contained in Paragraph 73 of the Plaintiff's First Amended Complaint are legal conclusions which do not require an Answer from the Defendants.

LXXIV.   The allegations contained in Paragraph 74 of the Plaintiff's First Amended Complaint are legal conclusions which do not require an Answer from the Defendants.

LXXV.    The mixture of legal conclusions and factual allegations in Paragraph 75 of the Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

LXXVI.  Defendant DPSC admits to receiving federal funds; Defendant LeBlanc denies receiving federal funds.

LXXVII.  The allegations contained in Paragraph 77 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

LXXVIII.  The allegations contained in Paragraph 78 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

LXXIX.  The allegations contained in Paragraph 79 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

LXXX.  The allegations contained in Paragraph 80 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

LXXXI.  The allegations contained in Paragraph 81 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

LXXXII.  The allegations contained in Paragraph 82 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

LXXXIII.  The allegations contained in Paragraph 83 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

LXXXIV.  The allegations contained in Paragraph 84 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

LXXXV.  The allegations contained in Paragraph 85 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

LXXXVI.  Regarding the allegations and claims for relief in Paragraph 86 of Plaintiff's First Amended Complaint, the Defendants deny all relief prayed for.

**WHEREFORE**, the Defendants pray that, after due proceedings are had, that judgment be rendered in favor of the Defendants and against the Plaintiff dismissing all claims with prejudice and at the Plaintiff's cost.

Respectfully Submitted,

**JEFF LANDRY
ATTORNEY GENERAL**

BY:   *s/Phyllis E. Glazer*
**PHYLLIS E. GLAZER (#29878)
ASSISTANT ATTORNEY GENERAL**

**Louisiana Department of Justice**
Litigation Division, Civil Rights Section
1885 North Third Street, 4th Floor
Post Office Box 94005 (70804-9005)
Baton Rouge, Louisiana 70802
Telephone:   225-326-6300
Facsimile:   225-326-6495
E-mail:   GlazerP@ag.louisiana.gov
*Attorney for the DPSC Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 9, 2019, the foregoing was filed electronically with the Clerk of Court by using the CM/ECF system which will provide a Notice of Electronic Filing to all counsel of record. I further certify that all parties to this action are represented by CM/ECF participants.

*s /Phyllis E. Glazer*
**PHYLLIS E. GLAZER
Assistant Attorney General**